UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Carter, # 246054, | C/A No. 2:13-2061-JMC-BHH |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Lavern Cohen, Warden, Ridgeland CI, | |
| Respondent. | |

Charles Ray Carter ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the Petition in this case without prejudice and without issuance and service of process.

Procedural and Factual Background

Petitioner is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). On December 10, 1997, in the Court of General Sessions for York County, Petitioner was sentenced to a thirty-year sentence for possession of crack cocaine with intent to distribute. As discussed in previous filings with this Court,[1]

---

[1] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files).

Petitioner filed a direct appeal of his conviction, which was dismissed as untimely. A motion to reinstate the appeal was denied, as was a petition for a writ of *certiorari* to the South Carolina Supreme Court. Petitioner then applied for post-conviction relief (PCR), which was denied on November 12, 1999. Petitioner appealed the denial of his PCR action to the South Carolina Supreme Court, which denied *certiorari* on July 20, 2001. Since that time, Petitioner has filed three more PCR applications, which were also denied. As a result of Petitioner's repetitive and frivolous filings, an order restricting future filings by Petitioner was issued by the Chief Administrative Judge of the Sixteenth Judicial Circuit on November 15, 2010.

*Carter v. Reynolds*, C/A No. 2:11-2899-JMC-BHH (D.S.C.), ECF No. 8 at 2.

In addition, Petitioner has filed with this Court four previous actions pursuant to 28 U.S.C. § 2254:

Petitioner's first habeas petition, Civil Action Number 6:00-02179-HMH (D.S.C.), was dismissed for failure to exhaust state court remedies on April 30, 2001.[2] Petitioner filed a second writ of habeas corpus in this Court, Civil Action [Number] 8:01-04084-HMH (D.S.C.), which resulted in summary judgment being granted for the respondent on September 27, 2002. Petitioner appealed the dismissal of his second habeas petition to the Fourth Circuit Court of Appeals, which dismissed the appeal on December 9, 2002. Petitioner's third habeas petition challenging his 1997 conviction, Civil Action Number 8:04-01887-HMH (D.S.C.), was dismissed as successive on August 3, 2004.

*Id.*, ECF No. 8 at 3 (footnote added). Petitioner has since filed two more § 2254 habeas petitions: Civil Action Numbers 8:10-525-HMH (D.S.C.), and 2:11-02899-JMC (D.S.C.); both were summarily dismissed.[3]

---

[2] The Fourth Circuit Court of Appeals dismissed Petitioner's appeal of Civil Action Number 6:00-02179-HMH (D.S.C.), on September 13, 2001. *Carter v. South Carolina*, 18 F. App'x 187 (4th Cir. 2001).

[3] In *Carter v. McMaster*, C/A No. 8:10-525-HMH (D.S.C.), Petitioner unsuccessfully sought to challenge two earlier convictions which were used to enhance the penalty for his December 1997 conviction. The Fourth Circuit dismissed his appeal. *Carter v. McMaster*, 420 F. App'x 294 (4th Cir. 2011). *Carter v. Reynolds*, C/A No. 2:11-02899-JMC (D.S.C.), was dismissed as successive.

In the instant case, Petitioner alleges that his sentence has been improperly calculated. He asserts that, on his December 10, 1997 indictment for possession with intent to distribute (PWID) crack, his "CDR"[4] Code was designated "112." (*See* ECF No. 1-2 at 1.) His sentencing sheet for PWID crack, of the same date, gave his CDR Code as 102,[5] as did the docket report. (*See id.* at 3, 13.) Further, Petitioner contends that, in 1998, he was informed that his "maxout date" was October 7, 2013, and his initial parole date would be January 5, 2004. (*See id.* at 4.)

In 1999, however, Petitioner requested a copy of his sentencing sheet and noticed that the "102" had been crossed out and replaced with CDR Code 114,[6] and "3RD off[ense]" added. (*See id.* at 5.) This change altered Petitioner's sentence such that his maxout date became June 3, 2023, and he is no longer eligible for parole. (*See id.* at 6.) Petitioner has filed step one and step two grievances with SCDC, and apparently filed an application for post-conviction relief in the York County Court of Common Pleas as well as

---

[4] CDR is an abbreviation developed many years ago, when paper docket sheets were maintained by criminal justice agencies. It stood for "Criminal Docket Report". However, since we no longer maintain paper docket sheets, the term has been redefined to mean "Criminal Data Report". CDR codes are also called "offense codes" by some users of the system.

"CDR Codes—User Instructions: What Does CDR Mean?," S.C. Judicial Dep't, http://www.sccourts.org/cdr/userInstructions.cfm#%20FAQ (last visited Sept. 24, 2013).

[5] According to an affidavit provided by Michael J. Stobbe, Branch Chief of SCDC's Document Processing and Release Section in the Division of Classification and Inmate Records ("Stobbe"), CDR Code 102 "indicate[s] a charge of possession of less than one gram of ice, crank, or crack cocaine, third or subsequent offense." (ECF No. 1-2 at 8–9.)

[6] Stobbe states that CDR Code 114 is the correct code to correspond to Petitioner's conviction, distribution of crack cocaine, third or subsequent offense. (*Id.* at 9.)

a petition for writ of certiorari in the South Carolina Supreme Court. (*See id.* at 19.) These petitions were denied.[7] (*Id.*)

Plaintiff argues that the change in his CDR Code from 102 to 114 is an "unlawful modification of his sentence" that "stripped him of his parole eligibility and increased the amount of time that he must serve . . . without affording him due process of law." (ECF No. 1 at 1.) Plaintiff believes that he has been sentenced under "a new drug statu[t]e not even created until June 1998," and that SCDC Clerk Michael Stobbe "[took] it upon his own to modify Petitioner's sentence." (*Id.* at 3.) Plaintiff adds that he has been denied good time and work credits that he had earned before his sentence was "unlawfully modified" and, with these credits and his original max-out date, he would already have been released. (*Id.* at 8.) Accordingly, Petitioner requests immediate release from custody.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519, 519 (1972) (*per curiam*), *Nasim v.*

---

[7] The order in *Carter v. State*, No. 2013-901 (June 5, 2013), states that Petitioner is under a filing restriction, such that Petitioner is prohibited "from filing any further collateral actions in the circuit court, including PCR actions and habeas corpus actions, challenging his conviction from 1997 without first obtaining permission to do so from this Court." (ECF No. 1-2 at 19.)

4

*Warden, Maryland House of Correction,* 64 F.3d 951, 953–56 (4th Cir. 1995) (*en banc*), *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983), *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978), and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 90–95 (2007) (*per curiam*); *Hughes v. Rowe,* 449 U.S. 5, 9–10 & n.7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

"Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008). Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act

5

on his claims before he presents those claims to a federal court in a habeas petition."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973) (exhaustion also required under 28 U.S.C. § 2241). "'To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.'" *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) (citation omitted). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The limitations encompassed in the AEDPA restrict the federal "intrusion of state sovereignty by limiting the federal courts' power to issue a writ to exceptional circumstances, thereby helping to ensure that 'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'" *Richardson v. Branker* 668 F.3d 128, 138 (4th Cir. 2012) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corrs.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corrs.*, 586 S.E.2d

124, 126 (S.C. 2003); *Al–Shabazz*, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court (ALC), rather than through a post-conviction relief (PCR) application filed in circuit court. *See Al-Shabazz*, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals and, ultimately, the South Carolina Supreme Court.[8] S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

The Petition and attachments thereto demonstrate that Petitioner has begun the challenge process. However, he proceeded incorrectly: Petitioner's Step 2 grievance is dated January 7, 2013, but he did not wait for the April 2, 2013 response thereto before filing with the *circuit court*—not the ALC—before appealing to the state Supreme Court, *not* the state Court of Appeals. This procedure set out *supra*, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254 and which will generally commence in circuit court pursuant to the PCR statutes, with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code

---

[8] Petitioner states that he "is prohibited from filing anything else regarding this conviction in state court by order of the S.C. Supreme Court" (ECF No. 1 at 8), but he overstates the order. The state Supreme Court order provides that Petitioner is prohibited from filing "in the *circuit* court . . . without first *obtaining permission*" from the state Supreme Court. (ECF No. 1-2 at 19 (emphases added).) The procedure set out hereinabove does not require filing in the circuit court.

7

Ann. §§ 17-27-10 *et seq.*; Rule 243, SCACR. Accordingly, the undersigned concludes that Petitioner failed to exhaust his state remedies as required by controlling law.

Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

September 30, 2013  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).