# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Charles Ray Carter, # 246054, ) | |
| ) | Civil Action No. 2:13-cv-02061-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Lavern Cohen, ) | |
| Warden, Ridgeland CI, ) | |
| ) | |
| Respondent. ) | |

Charles Ray Carter ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 29, 2013. (ECF No. 1.) Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., Magistrate Judge Bruce Howe Hendricks reviewed the petition and submitted findings and recommendations to the court. (ECF No. 13.) The Magistrate Judge recommends that the court dismiss the Petition in this case without prejudice and without issuance and service of process. This matter is before the court on the Report and Recommendation (ECF No. 13) that was filed on September 30, 2013, and Petitioner's Objection to Report and Recommendation (ECF No. 19), which was filed on November 18, 2013.

For the reasons set forth below, the court **DISMISSES** Petitioner's writ of habeas corpus (ECF No. 1) without prejudice and without requiring Respondent to file an answer or return.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Petitioner are discussed in the Report and Recommendation ("Report"). (*See* ECF No. 13.) The court concludes, upon its own careful

1

review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court references below excerpts from the Report that are pertinent to the analysis of Petitioner's claims:

> Petitioner is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On December 10, 1997, in the Court of General Sessions for York County, Petitioner was sentenced to a thirty-year (30) sentence for possession of crack cocaine with intent to distribute. (ECF No. 13 at 1.) Petitioner filed a direct appeal of his conviction, which was dismissed as untimely. (*Id.* at 2.) A motion to reinstate the appeal was denied, as was a petition for a writ of certiorari to the South Carolina Supreme Court. (*Id.*) Petitioner then applied for post-conviction relief ("PCR"), which was denied on November 12, 1999. (*Id.*) Petitioner appealed the denial of his PCR action to the South Carolina Supreme Court, which denied certiorari on July 20, 2001. (*Id.*) Since that time, Petitioner has filed three more PCR applications, which were also denied. (*Id.*) As a result of Petitioner's repetitive and frivolous findings, the Chief Administrative Judge of the Sixteenth Judicial Circuit issued an order restricting future filings by Petitioner on November 15, 2010. (*Id.*, citing *Carter v. Reynolds*, C/A No. 2:11-2899-JMC-BHH (D.S.C.)).
>
> In addition, Petitioner has filed four previous actions pursuant to 28 U.S.C. § 2254. Petitioner's first habeas petition, Civil Action Number 6:00-02179-HMH (D.S.C.), was dismissed for failure to exhaust state court remedies on April 30, 2001.[1] (ECF No. 13 at 2.) Petitioner filed a second writ of habeas corpus, Civil Action Number 8:01-04084-HMH (D.S.C.), which resulted in summary judgment being granted for Respondent on September 27, 2002. (*Id.*) Petitioner appealed the dismissal of his second habeas petition to the Fourth Circuit Court of Appeals, which dismissed the appeal on December 9, 2002. (*Id.*) Petitioner's third habeas petition challenging his 1997 conviction, Civil Action Number 8:04-01887-HMH (D.S.C.), was dismissed as successive on August 3, 2004. (*Carter*, C/A No. 2:11-2899-JMC-BHH, ECF No. 8 at 3 (footnote added)). Petitioner has since filed two more § 2254 habeas petitions: Civil Action Numbers 8:10-525-HMH (D.S.C.), and 2:11-02899-JMC (D.S.C.); both were summarily dismissed.[2]

---

[1] "The Fourth Circuit Court of Appeals dismissed Petitioner's appeal of Civil Action Number 6:00-02179 (D.S.C.), on September 13, 2001." (ECF No. 13 at 2 n.2 (citing *Carter v. South Carolina*, 18 F. App'x 187 (4th Cir. 2001)).)

[2] "In *Carter v. McMaster*, C/A No. 8:10-525-HMH (D.S.C.), Petitioner unsuccessfully sought to challenge two earlier convictions which were used to enhance the penalty for his December 1997 conviction. The Fourth Circuit dismissed his appeal." (ECF No. 13 at n.3 (citing *Carter v. McMaster*, 420 F. App'x 294 (4th Cir. 2011)).) "*Carter v. Reynolds*, C/A No. 2:11-02899-JMC (D.S.C.), was dismissed as successive." (*Id.*)

In the instant case, Petitioner alleges that his sentence has been improperly calculated. Petitioner asserts that, on his December 10, 1997 indictment for possession with intent to distribute ("PWID") crack, his "CDR"[3] Code was designated "112." (*See* ECF No. 1-2 at 1.) His sentencing sheet for PWID crack, of the same date, listed his CDR Code as 102,[4] as did the docket report. (*Id*. at 3, 13.) Further, Petitioner contends that, in 1998, he was informed that his "maxout date" was October 7, 2013, and his initial parole date would be January 5, 2004. (*See id.* at 4.)

In 1999, however, Petitioner requested a copy of his sentencing sheet and noticed that CDR Code "102" had been crossed out and replaced with CDR Code 114,[5] and "3RD off[ense]" added. (*See id.* at 5.) This change altered Petitioner's sentence such that his maxout date became June 3, 2023, and he is no longer eligible for parole. (*See id.* at 6.) Petitioner has filed step one and step two grievances with SCDC, and apparently filed an application for post-conviction relief in the York County Court of Common Pleas as well as a petition for writ of certiorari in the South Carolina Supreme Court. (*See id.* at 19.) These petitions were denied.[6] (*Id*.)

---

[3] The Magistrate Judge observed that "CDR is an abbreviation developed many years ago, when paper docket sheets were maintained by criminal justice agencies. It stood for 'Criminal Docket Report'. However, since the court no longer maintains paper docket sheets, the term has been redefined to mean 'Criminal Data Report'." (ECF No. 13 at 3 n.4 (citing "CDR Codes—User Instructions: What Does CDR Mean?," S.C. Judicial Dep't, http://www.sccourts.org/cdr/userinstructions.cfm#%20FAQ (last visited July. 8, 2015).)

[4] The Magistrate Judge cited to an affidavit provided by Michael J. Stobbe, Branch Chief of SCDC's Document Processing and Release Section in the Division of Classification and Inmate Records ("Stobbe"), to show that CDR Code 102 "indicate[s] a charge of possession of no less than one gram of ice, crank, or crack cocaine, third or subsequent offense." (*Id.* at n.5 (citing ECF No. 1-2 at 8–9).)

[5] The Magistrate Judge observed that "Stobbe states that CDR Code 114 is the correct code to correspond to Petitioner's conviction, distribution of crack cocaine, third or subsequent offense." (*Id*. at n.6 (citing ECF No. 1-2 at 9).)

[6] The Magistrate Judge also observed that "[t]he order in *Carter v. State*, No. 2013-901 (June 5, 2013), states that Petitioner is under a filings restriction, such that Petitioner is prohibited 'from filing any further collateral actions in the circuit court, including PCR actions and habeas corpus actions, challenging his conviction from 1997 without first obtaining permission to do so from this Court.'" (*Id.* at 4 n.7 (citing ECF No. 1-2 at 19).)

> Petitioner argues that the change in his CDR Code from 102 to 114 is an "unlawful modification of his sentence" that "stripped him of his parole eligibility and increased the amount of time that he must serve . . . without affording him due process of law." (ECF No. 1 at 1.) Petitioner believes that he has been sentenced under "a new drug statu[t]e not even created until June 1998," and that SCDC Clerk Michael Stobbe "[took] it upon his own to modify Petitioner's sentence." (*Id*. at 3.) Petitioner adds that he has been denied good time and work credits that he has earned before his sentence was "unlawfully modified" and, with these credits and his original maxout dates, he would already have been released. (*Id*. at 8.) Accordingly, Petitioner requests immediate release from custody.

(ECF No. 13 at 1-4.)

## II.     LEGAL STANDARD

Section 2241 provides, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C.A. No. 0:08-cv-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008). Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

## III.     MAGISTRATE JUDGE'S ANALYSIS

According to the Magistrate Judge, "a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina

4

Administrative Law Court ("ALC"), rather than through a post-conviction relief ("PCR") application in circuit court." (ECF No. 13 at 7 (citing *Al-Shabazz*, 527 S.E.2d at 742).) "Pursuant to the South Carolina Administrative Procedures Act and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals and, ultimately, the South Carolina Supreme Court."[7] (*Id.* (citing S.C. Code Ann. § 1-23-610 (1976); Rule 242, SCACR).)

The Magistrate Judge determined that in the instant case, Petitioner filed with the circuit court when he should have filed with the ALC. As for appellate procedure, Petitioner should have appealed to the state Court of Appeals before appealing to the state Supreme Court. (*Id.* at 7.) This procedure set forth above, "which applie[d] for most 28 U.S.C. § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254 and which will generally commence in circuit court pursuant to the PCR statutes, with appeal pursuant to the corresponding appellate court rules." (ECF No. 13 at 7–8 (citing S.C. Code Ann. §§ 17-27-10 *et seq.* (1976); Rule 243, SCACR).)

The Magistrate Judge concluded that Petitioner failed to exhaust his state remedies as required by controlling law and recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. (*Id.* at 8 (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent.)).)

---

[7] Petitioner states that he "is prohibited from filing anything else regarding this conviction in state court by order of the S.C. Supreme Court" (ECF No. 1 at 8), but he overstates the order. The state Supreme Court order provides that Petitioner is prohibited from filing "in the *circuit court* . . . without first *obtaining permission*" from the state Supreme Court. (ECF No. 1-2 at 19 (emphasis added).) The procedure set out hereinabove does not require filing in the circuit court.

5

## IV.     THE COURT'S REVIEW

In Petitioner's Objection to the Report (ECF No. 19), he reasserts much of the argument set forth in his original Petition (ECF No. 1). Essentially, Petitioner alleges that the change in his CDR code from "102" to "114" was improper, and therefore his maxout date and parole eligibility are also improper.[8] (ECF No. 19 at 1-2.) Petitioner argues that "[t]here is no way for Petitioner to have two sentencing sheets for the same offense . . . [t]his voided Petitioner's sentence and conviction pursuant to [*Hill, Warden v. United States ex rel. Wampler*], 298 U.S. 460 [(May 18, 1936)]; *Earley v. Murray*, 451 F.3d 71 [(June 9, 2006)], Petitioner should be released immediately." (*Id*. at 2.)  However, Stobbe stated in his affidavit that he "received a correction of the CDR code for Inmate Carter from the York County Clerk of Court dated May 21, 1998.  This corrected code was again verified by letter dated October 13, 1998." (ECF No. 1-2 at 9.)  Furthermore, Judge John C. Hayes, III, stated that Petitioner's "sentence sheet has been corrected rather than the sentence modified." (*Id*. at 12.)  These correspondences reflect that the correct CDR Code was 114, which at the time was the code for distribution of crack cocaine, third or subsequent offense.

In *Hill*, the Supreme Court found that a provision in the commitment for imprisonment for nonpayment of a fine and costs, which was inserted by the clerk but not included in the sentence orally pronounced by the judge, was void.  298 U.S. at 463.  In *Earley*, the clerk added a five-year term of post-release supervision to Petitioner's sentence administratively.  451 F.3d at 71.  The instant case is distinguishable from *Hill* and *Early* in that Petitioner's sentencing sheet was merely corrected, as opposed to his sentence being modified.  However, the proper forum

---

[8] Prior to Petitioner's CDR Code being revised to 114, his original maxout date was October 7, 2013.  The revision from a CDR Code of 102 to 114 places his new maxout date at June 2, 2023. (ECF No. 13 at 3.)

6

for Petitioner to argue his position is in the ALC and in accordance with the appellate procedures set forth above. *See Al-Shabazz,* 527 S.E.2d at 750; S.C. Code Ann. § 1-23-610 (1976); Rule 242, SCACR. Furthermore, Petitioner indicates "he has appealed the agency final response to the ALC on 10-7-2013 to keep from missing the 30 day deadline." (ECF No. 19 at 7.)

## V.     CONCLUSION

For the foregoing reasons, the court **DISMISSES** Petitioner's writ of habeas corpus (ECF No. 1) without prejudice and without requiring Respondent to file an answer or return. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 13, 2015
Columbia, South Carolina

7